IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WALTER FRASIER,** § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. **3:24-CV-2336-L** |
| § | |
| **RYDER SYSTEM, INC.; RYDER** § | |
| **INTERNATIONAL LOGISTICS,** § | |
| **INC.; and RYDER INTEGRATED** § | |
| **LOGISTICS, INC.,** § | |
| § | |
| Defendants. § | |

# ORDER

Before the court is Defendants' Motion to Compel Arbitration ("Motion") (Doc. 4), filed October 3, 2024. On April 9, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13) was entered, recommending that the court grant Defendants' Motion and administratively close this action pending resolution of the arbitration. For the reasons that follow, the court **accepts** the Report (Doc. 13) and **grants** Defendants' Motion (Doc. 4).

On April 16, 2025, Plaintiff filed objections to the Report, to which Defendants responded on April 23, 2025. Plaintiff contends in his objections that: (1) the Report should have been more specific regarding the timing that the Arbitration Agreement was presented to him; (2) the Report selects excerpts from the Arbitration Agreement without considering the whole document, including the ways in which the Agreement can be signed or acknowledged by an employee; (3) the parties acknowledge that he did not sign the document, electronically or otherwise; (4) the Report's findings—that Plaintiff's pleadings reflect that he had a conversation with his supervisors regarding

Order – Page 1

the Arbitration Agreement in July 2023, and Defendants' records reflect that he "accessed the Agreement via Ryder's human resources platform on August 17, 2023"— are inconsistent with the statement in his affidavit; (5) the Texas Supreme Court case cited in the Report for the conclusion that a party cannot avoid an arbitration clause by failing to read it is inapplicable because the issue here is whether he accessed the Arbitration Agreement electronically via his employer's "Navex" system; (6) the Report correctly notes that the Arbitration Agreement contains a delegation clause but does not address his pending motion for leave to amend to add to new parties or whether such parties can be required to arbitrate under the Agreement in question. The court **overrules** Plaintiff's objections to the Report for essentially the same reasons argued in Defendants' response to the objections.

Accordingly, having considered the Motion, Plaintiff's live pleadings, the file, record, and Report, and having conducted a de novo review of the portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants' Motion and **compels** Plaintiff to arbitrate the claims asserted in this action against Defendants in accordance with the parties' Arbitration Agreement. As ruling on Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 9) is not necessary to resolve Defendants' Motion and allowing Plaintiff to further amend at this juncture would unnecessarily delay the arbitration, the court also **directs** the clerk of court to **terminate** this motion. Further, the court determines that this action should be and is hereby **administratively closed** pending the resolution of the arbitration and **directs** the clerk of court to submit a JS-6 form to the Administrative Office, thereby removing it from the statistical records. Nothing in this order shall be considered a dismissal or disposition of this case, and, should further

**Order – Page 2**

proceedings in it become necessary or desirable, any party may file a motion to reopen the case to initiate such further proceedings, or the court may take such action *sua sponte*. Further, if any party is not pleaded with the outcome of the arbitration proceeding, such party may pursue remedies as allowed by the Federal Arbitration Act, 9 U.S.C. § 1, *et al.*

**It is so ordered** this 28th day of May, 2025.

Sam A. Lindsay
United States District Judge